UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM SILVERBERG, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 23-cv-2851 (TSC) |

### MEMORANDUM OPINION

Plaintiff Sam Silverberg owns property located at 6820 32nd Street N.W., Washington, District of Columbia 20015. Compl. at 3, ECF No. 1. The District of Columbia determined that the property was vacant and reassessed Silverberg's annual property tax bill from $9,000 to $45,000. *Id.* Plaintiff alleges that he listed his property "for sale or for lease" because of this "high tax bill" after the District "decided to force homeowners, whose properties are deemed to be vacant, to rent or sale their property by increasing their property tax." *Id.* He filed suit, claiming that the District's "physical appropriation" of his "rights to use and enjoy the property, and the right to select the time of sale or lease of the property" constitutes an unconstitutional taking under the 5th and 14th Amendments to the United States Constitution. *Id.* at 4. Defendants moved to dismiss, arguing that this court lacks subject matter jurisdiction to hear this case and that the issue of subject matter jurisdiction has already been litigated and decided against Plaintiff. Mot. to Dismiss at 2, ECF No. 6.

This suit represents Plaintiff's second attempt to recover damages on the same set of facts. Three years ago, Plaintiff filed a substantively identical suit in this court under 42 U.S.C. § 1983, alleging that the District's assessment and tax increase constituted an unconstitutional

taking under the 5th and 14th Amendments. *Silverberg v. District of Columbia*, No. 21-cv-2144-TSC (D.D.C. Sept. 21, 2021) ("*Silverberg I*"). This court dismissed the prior complaint for lack of subject matter jurisdiction, and the Circuit affirmed. Mem. Op. at 2, *Silverberg I*, ECF No. 17; Order, *Silverberg v. District of Columbia*, No. 22-7133 (D.C. Cir. Mar. 6, 2023) ("*Silverberg II*"). For the same reasons the court has previously explained, it will GRANT the pending motion to dismiss.

Federal courts are courts of limited jurisdiction; they may only hear cases within the limits "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus all litigants—including those proceeding *pro se*—must establish that the court has subject-matter jurisdiction in a particular matter. *See, e.g.*, *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011). Congress has also limited this court's ability to hear challenges to the District of Columbia's tax assessments and has instead given that jurisdiction to the Superior Court of the District of Columbia. *District of Columbia Court Reform and Criminal Procedure Act of 1970*, Pub. L. No. 91-358, § 11-501, 84 Stat. 473, 477 (codified at D.C. Code. § 11-921(a)(3)(B) ("[T]he Superior court has jurisdiction of any civil action or other matter . . . [that] involves an appeal from or petition for review of any assessment of tax (or civil penalty thereon) made by the District of Columbia."). That jurisdiction is exclusive—all challenges must be brought in Superior Court. *Id.* at § 11-1202, 84 Stat. 473, 489 (codified at D.C. Code. § 11-1202).

In this iteration of his suit, Silverberg argues that separate statutes—the federal and D.C. Tax Injunction Acts, 28 U.S.C. § 1341 and D.C. Code § 47–3307—bar federal courts from exercising jurisdiction only in cases "in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *Coleman v. District of Columbia*, 70 F. Supp. 3d 58, 67

(D.D.C. 2014); Opp'n to Mot. at 3, ECF No. 11.  He argues that this court's and the Circuit's prior decisions did not explain why cases involving these statutes do not apply equally to his suit. Opp'n to Mot. at 5.  Put simply, those cases do not apply because Plaintiff seeks to avoid paying state taxes.  And the difference between Plaintiff's suit and *Coleman* is that the plaintiff there did "not seek a court order nullifying his property tax obligation." *Coleman*, 70 F. Supp. 3d at 68. Plaintiff's allegation that he "is not challenging the defendant's right to impose the tax" does not make it so.  Compl. at 4.  As the Circuit has already concluded, Plaintiff's "takings claim arises directly from his tax assessment."  Order, *Silverberg II*.  He therefore challenges the District's right to collect the tax owed and seeks a federal court order enabling him to avoid paying state taxes, which renders his authority inapposite.

Plaintiff's challenge instead involves "an appeal from or petition for review" of an "assessment of tax . . . made by the District of Columbia."  D.C. Code. § 11-921(a)(3)(B).  It is therefore subject to the exclusive jurisdiction of the Superior Court of the District of Columbia. As this court has explained, "Congress unambiguously intended to vest in the District of Columbia courts exclusive jurisdiction over all challenges to District of Columbia taxes including those involving federal statutory or constitutional claims in lieu of (rather than concurrently with) jurisdiction in the federal courts." *Jenkins v. Washington Convention Ctr.*, 236 F.3d 6, 11 (D.C. Cir. 2001).  That limitation includes constitutional takings claims.  *See id.* at 9; *see also Johnson v. District of Columbia*, No. 21-cv-2686, 2022 WL 4130843 at *3 (D.D.C. Sept. 12, 2022).

Given the clear statutory and precedential requirement that Silverberg bring his case in Superior Court, this court will GRANT Defendants' Motion to Dismiss, ECF No. 6. The case will be closed.

Date: September 30, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge